1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5961-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the partial denial of her application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1965, has at least a high school education, and has worked as a hand packager, brake operator, machinist, housekeeper, and sandwich maker.  AR 32-33, 99.  Plaintiff was last gainfully employed on February 1, 2017.  AR 21.

On June 28, 2017, Plaintiff applied for benefits, later amending her alleged onset of disability to February 1, 2017.  AR 18.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  After the ALJ conducted hearings on January 10, 2019, and November 21, 2019, the ALJ issued a decision finding Plaintiff not disabled prior to December 8, 2019, and disabled beginning December 8, 2019.  AR 14-42.  On August 7, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since February 1, 2017.

**Step two**:  Plaintiff has the following severe impairments: Fibromyalgia Syndrome (FMS), Diabetes Mellitus II, Diabetic Neuropathy, Degenerative Disc Disease cervical spine, Obesity, Generalized Anxiety Disorder, Major Depressive Disorder, and Somatic Symptom Disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform light work subject to a series of further limitations.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  Prior to December 8, 2019, as there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, Plaintiff was not disabled.

AR 21-34.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

1

**LEGAL STANDARDS**

2          Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3   security benefits when the ALJ's findings are based on harmful legal error or not supported by

4   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5   2005).  As a general principle, an ALJ's error may be deemed harmless where it is

6   "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

7   1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

8   determine whether the error alters the outcome of the case." *Id.*

9          Substantial evidence is "more than a mere scintilla.  It means - and means only - such

10  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12  747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

13  conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

14  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

15  as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

17  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18  must be upheld. *Id.*

19

**DISCUSSION**

20         Plaintiff argues the ALJ erred by misevaluating the medical evidence and by discounting

21  her testimony.  The Commissioner argues the ALJ's decision is free of harmful legal error,

22  supported by substantial evidence, and should be affirmed.

23

1    **A.      The ALJ Erred in Evaluating the Medical Evidence**

2            In assessing Plaintiff's June 2017 applications for benefits, the ALJ is required to

3    articulate the persuasiveness of each medical opinion, specifically with respect to whether the

4    opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c)

5    416.920c(a)-(c).

6            The Commissioner argues that the regulations promulgated in 2017 changed the legal

7    standards previously articulated by the Ninth Circuit. *See* Dkt. 23 at 9-11.  Under current Ninth

8    Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an

9    uncontradicted opinion from a treating or examining doctor, and "specific and legitimate"

10   reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31

11   (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its

12   standards for the review of medical opinions.  It is not, in any event, clear that the Court's

13   consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in

14   any significant respect.  The new regulations still require ALJs to explain their reasoning with

15   specific reference to how they considered the supportability and consistency factors, 20 C.F.R.

16   §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S.*

17   *v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court

18   must, moreover, continue to consider whether the ALJ's analysis has the support of substantial

19   evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  With these regulations and

20   considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

21           //

22           //

23           //

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

1

       *1.  Alexander Patterson, Psy.D.*

2

      Dr. Patterson conducted a psychological evaluation on November 21, 2017, administered

3

a mental status examination, and opined, as relevant here, Plaintiff would "have difficulty

4

performing detailed and complex tasks due to focus problems and low stress-tolerance secondary

5

to depression and anxiety" and would "have difficulty completing a normal workday/workweek

6

without interruptions from a psychiatric condition and dealing with usual stress encountered in

7

the workplace due to depression and anxiety."  AR 835.  The ALJ found Dr. Patterson's opinion

8

"partially persuasive."  AR 30.

9

      The ALJ discounted the portions of Dr. Patterson's opinion recited above as "overly

10

rel[iant] on the claimant's 'distraught' presentation at the one-time consultative examination."

11

AR 30.  This finding is legally erroneous in two respects.  First, to the extent the ALJ discounted

12

Dr. Patterson's opinion on the ground he examined Plaintiff once, the ALJ erred.  The ALJ must

13

consider the opinions of examining physicians.  *See Lester*, 81 F.3d at 830; 20 C.F.R. § 416.927.

14

"When considering an examining physician's opinion ... it is the quality, not the quantity of the

15

examination that is important.  Discrediting an opinion because the examining doctor only saw

16

claimant one time would effectively discredit most, if not all, examining doctor opinions."

17

*Malinda K. R. v. Comm'r of Soc. Sec.*, 2019 WL 4942360, at *2 (W.D. Wash. Oct. 7, 2019)

18

(quoting *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014)); *see also*

19

*Xiong v. Astrue*, 2010 WL 3715135, at *5 (E.D. Cal. Sept. 15, 2010) ("The ALJ's suggestion that

20

Dr. Damania's report is inadequate because it is the result of a one-time examination leads to the

21

conclusion that the opinions of all examining physicians or psychologists should be discarded,

22

contrary to controlling authority.").  Second, the record indicates Dr. Patterson's opinion was

23

based on clinical observations and does not indicate he found Plaintiff to be untruthful.

1    Therefore, there is no evidentiary basis for rejecting the opinion.  *See Buck v. Berryhill*, 869 F.3d

2    1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because

3    of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear

4    subjective, especially compared to evaluation in other medical fields.  Diagnoses will always

5    depend in part on the patient's self-report, as well as on the clinician's observations of the

6    patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions

7    based on self-reports does not apply in the same manner to opinions regarding mental illness.")

8    (cleaned up); *cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an

9    ALJ does not provide clear and convincing reasons for rejecting an examining physician's

10   opinion by questioning the credibility of the patient's complaints where the doctor does not

11   discredit those complaints and supports his ultimate opinion with his own observations").  The

12   ALJ accordingly erred by discounting Dr. Patterson's opinion.

13                            *2.  Bonnie McReynolds, ARNP*

14        ARNP McReynolds began treating Plaintiff in March 2015, and provided two physical

15   functional assessment forms, one in October 2018 and the other in September 2019.  AR 842-

16   844, 1612-1615.  In October 2019, ARNP McReynolds provided a note indicating Plaintiff

17   started using a "medically necessary" cane in April 2018.  AR 1642.  The ALJ summarized the

18   opinion of ARNP McReynolds as follows: ARNP McReynolds "suggested that the claimant has

19   catastrophic limitations with all or most work-related exertional, postural, and manipulative

20   abilities.  This includes worst possible ratings in terms of cumulative sit/stand/walk abilities

21   during a workday, a need for numerous extra breaks, an inability to lift any weight on more than

22   a rare basis, and an almost complete inability to perform any postural or manipulative tasks.

23

1   ARNP McReynolds further endorsed worst possible off-task restrictions, and the need for

2   numerus regular sick days if the claimant were to work." AR 31.

3          The ALJ discounted the opinion of ARNP McReynolds as inconsistent "with the

4   objective and contemporaneous medical evidence of record." AR 31.  In support, the ALJ

5   pointed to "silent or benign objective clinical signs in related areas like strength, gait,

6   independent ambulation, and alertness" and Plaintiff's ability to "transition in and out of her

7   chair during the hearings in front of the undersigned." AR 31.  In light of Plaintiff's

8   fibromyalgia, the ALJ's finding is legally erroneous.  The Ninth Circuit has made clear that

9   "mostly normal results" of objective tests "are perfectly consistent with debilitating

10  fibromyalgia," *Revels v. Berryhill*, 874 F.3d, 648, 666 (9th Cir. 2017), and that an ALJ errs "by

11  effectively requiring objective evidence for a disease that eludes such measurement," *Benecke v.*

12  *Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (cleaned up).  *Revels* further instructs that, in the

13  context of a fibromyalgia claimant, an ALJ's citation to "normal muscle strength, tone, and

14  stability, as well as a normal range of motion" is "erroneous."  874 F.3d at 666; *see id.* at 663

15  ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are

16  normal.") (cleaned up).  Further, the ALJ's finding that Plaintiff could "independent[ly]

17  ambulat[e]" and "transition in and out of her chair" during the hearings are similarly inconsistent

18  with Ninth Circuit precedent.  *See id.* at 663 ("the symptoms of fibromyalgia wax and wane, and

19  a person may have bad days and good days") (cleaned up).  Thus, it was unreasonable for the

20  ALJ to discount the opinion of ARNP McReynolds, informed by several years of providing

21  treatment, on the basis of the ALJ's personal observation of Plaintiff on two isolated occasions.

22  *Cf. Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) (noting an ALJ's observations

23

1   cannot substitute for a medical diagnosis).  The Court accordingly concludes the ALJ erred by

2   discounting the opinion of ARNP McReynolds.

3          *3.  Brent Packer, M.D.*

4          Dr. Packer reviewed Plaintiff's records in March 2019, assessed a "4" severity for

5   Plaintiff's diabetic neuropathy, renal disease, and obesity, and opined Plaintiff could stand/walk

6   "at most 2 hrs[.]"  AR 1576.  The ALJ found Dr. Packer's opinion "unpersuasive."  AR 31.

7          The ALJ first discounted Dr. Packer's opinion as "inconsistent with above-outlined

8   factors like the prevalence of silent/benign strength and gait signs in the record."  AR 31.

9   Because the ALJ erred by discounting the opinion of ARNP McReynolds on this ground, she

10  necessarily erred by discounting Dr. Packer's opinion on this ground.

11         The ALJ also discounted Dr. Packer's opinion on the ground "this is also only the first

12  page of what is normally a multi-page form, so there is no way to tell how he reached his

13  conclusions."  AR 31.  The ALJ was required but failed to develop the record to account for any

14  missing pages or other evidentiary support.  "The ALJ in a social security case has an

15  independent duty to fully and fairly develop the record and to assure that the claimant's interests

16  are considered."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up).

17  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper

18  evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry."  *Id.*

19  (cleaned up).  The ALJ thus harmfully erred by failing to develop the record, as required after

20  suggesting there are pages missing from Dr. Packer's report and finding "there is no way to tell

21  how [Dr. Packer] reached his conclusions."  AR 31.  The ALJ accordingly erred by discounting

22  Dr. Packer's opinion.

23

1

      **B.**      **The ALJ Erred by Discounting Plaintiff's Testimony**

2

      The ALJ determined Plaintiff's medically determinable impairments could reasonably be

3

expected to cause the symptoms she alleged and therefore was required to provide "specific,

4

clear, and convincing" reasons supported by substantial evidence to discount her testimony.

5

*Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

6

      The ALJ indicated Plaintiff testified her "alleged disability [is] based primarily on a

7

combination of FMS, diabetes/neuropathy, spine, obesity, and mental health problems."  AR 26.

8

The ALJ further indicated Plaintiff testified "[e]xamples of her symptoms include pain,

9

weakness, paresthesia, limited range of motion, incontinence, nausea, insomnia, fatigue,

10

distraction, forgetfulness, confusion, anxious/depressed moods, fear, and hypersensitivity to

11

stress."  AR 26.

12

      The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.

13

AR 28-29.  However, because the ALJ erred by discounting the opinions of Dr. Patterson, ARNP

14

McReynolds, and Dr. Packer, as discussed above, and the medical evidence must therefore be

15

reevaluated, this is not a valid ground to discount Plaintiff's testimony.

16

      Next, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's

17

"resistan[ce] to taking medications for her mental health despite evidence of improvement with

18

compliance."  AR 29.  The ALJ's finding is contrary to Ninth Circuit precedent.  *See Nguyen v.*

19

*Chater*, 100 F.3d, 1462, 1465 (9th Cir. 1996) ("'[I]t is a questionable practice to chastise one

20

with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting

21

*Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989)); *cf. Garrison*, 759 F.3d at 1018 n.24

22

("[W]e do not punish the mentally ill for occasionally going off their medication when the record

23

affords compelling reason to view such departures from prescribed treatment as part of

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

1   claimants' underlying mental afflictions.").  The ALJ accordingly erred by discounting

2   Plaintiff's testimony on this ground.

3          Finally, the ALJ discounted Plaintiff's testimony as inconsistent with "progress/relief

4   from conservative modalities like physical therapy."  AR 29.  Assuming, *arguendo*, this was a

5   valid ground, "one weak reason" – even if supported by substantial evidence – "is insufficient to

6   meet the 'specific, clear and convincing' standard" for discounting a claimant's testimony.

7   *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112).  The

8   efficacy of Plaintiff's physical therapy treatment neither is probative of her allegations

9   concerning her mental impairments nor does it sufficiently "undermine[] [her] complaints."  *See*

10  *Lester*, 81 F.3d at 834.  The ALJ accordingly erred by discounting Plaintiff's testimony.

11         **C.      Scope of Remand**

12         This case must be remanded because the ALJ harmfully misevaluated the medical

13  evidence and Plaintiff's testimony.  Plaintiff contends the Court should remand for an immediate

14  award of benefits.  Such a remand should be granted only in a rare case and this is not such a

15  case.  The medical opinions and Plaintiff's testimony must be reweighed and this is a function

16  the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only

17  helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a

18  remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare

19  circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th

20  Cir. 2014)).  Further, because the Court remands this case, it need not reach Plaintiff's argument,

21  raised for the first time on reply, concerning the constitutionality of the structure of the Social

22  Security Administration.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f

23

1   it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in

2   part and concurring in the judgment).

3                                              **CONCLUSION**

4          For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

5   this case is **REMANDED** for further administrative proceedings under sentence four of 42

6   U.S.C. § 405(g).  On remand, the ALJ should reevaluate the opinions of Dr. Patterson, ARNP

7   McReynolds, and Dr. Packer and Plaintiff's testimony, develop the record and redetermine the

8   RFC as needed, and proceed to the remaining steps as appropriate.

9          Dated this 22nd day of July, 2021.

10

11                                              S. KATE VAUGHAN
                                                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER'S
DECISION - 11